UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                                          CRIMINAL ACTION

VERSUS                                                                                                     NO. 13-243

TRACY RICHARDSON BROWN
SANDRA PARKMAN THOMPSON                                                SECTION "K"(3)

## ORDER AND REASONS

Before the Court is the Motion for Early Disclosure of *Jencks* Material and Timely Disclosure of *Brady/Giglio* Material (Rec. Doc. 103) filed by Tracy Richardson Brown ("Ms. Brown"). Ms. Brown seeks an order directing the government to furnish counsel for the defendant with early disclosure of *Jencks* material and to provide defense counsel timely disclosure of *Brady/Giglio* material. Counsel argues that because of the nature and complexity of the charges brought in this course of action is necessitated.

In response, the Government opines that it immediately discloses all *Brady* material to defense counsel and that under 18 U.S.C. 3500 and Fed. R. Crim. P. 26.2(d) only requires that the Government produce *Jencks* material and *Giglio* materials after the Government witness testifies. However, it is the procedure of the Government in this district to produce such materials 5:00 p.m. on the Friday before the commencement of the trial on the following Monday. As noted in the Court's previous minute entry, the Government has represented to the Court that it will do so in this case.

As this Court stated in *United States v. Impastato*, 535 F.Supp. 2d 732 (E.D. La. 2008):

> As to the Defendant's request for early disclosure of *Jencks* material, there appears to be no obligation on behalf of the Government to turn over material early. See <u>United States v. Expose, Crim. A. No. 06–92, 2007 WL 956584, at *2 (E.D.La. Mar. 28, 2007)</u> (Barbier, J.) ("The *Jencks* Act does not require earlier

>disclosure of witness statements" than 48 hours prior to trial "as is local custom in this jurisdiction."). Decisions within this jurisdiction suggest that any decision to allow early production of *Jencks* material is discretionary. *See* <u>United States v. Edwards,</u> 2003 WL 22204534 (E.D.La. Sept. 12, 2003) (Fallon, J.) (stating "[t]he Court declines implement such a rule" requiring Government to turn over *Jencks* material ten days before trial, and finding that "submission of the material forty-eight hours in advance of trial is sufficient for trial preparation."); <u>United States v. Bernard,</u> Crim A. No. 92–558, 1993 WL 121258, at *1 (E.D.La. Apr. 14, 1993) (Sears, J.) (allowing Government to turn over *Jencks* material 48 hours in advance of trial instead of five days before trial as requested by defense). It appears here that the defense is not necessarily entitled to *Jencks* discovery at any time before the witness testifies, let alone 48 hours before trial as is custom in this district.

*Id.* at 739.  *See also  United States v. Mitchell*, 2013 WL 5755627, *2 (E.D. La. Oct. 23, 2013).

Considering that the government has represented to this Court that all *Brady* material of which it is aware has been provided to the defendant and that it also has represented that all *Jencks* and *Giglio* materials are being provided by 5:00 p.m. April 22, 2016, the motion is without merit. Accordingly,

**IT IS ORDERED** that the Motion for Early Disclosure of *Jencks* Material and Timely Disclosure of *Brady/Giglio* Material (Rec. Doc. 103) is **DENIED**.

New Orleans, Louisiana, this 18th day of April, 2016.

　　　　　　　　　　　　　　　　　　**STANWOOD R. DUVAL, JR.**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT JUDGE**