UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| VERSUS | NO. 13-243 |
| TRACY RICHARDSON-BROWN | SECTION "R" |

# **ORDER AND REASONS**

Defendant Tracy Richardson-Brown moves the Court to permit her to file a more definite statement in support of her previous motions.[1] The Court recharacterizes the motion as brought pursuant to 28 U.S.C. § 2255, and grants Richardson-Brown leave to withdraw or amend the motion pursuant to *Castro v. United States*, 540 U.S. 375 (2003).

## **I.  BACKGROUND**

On April 30, 2016, Richardson-Brown was convicted by a jury of 18 counts of conspiracy, healthcare fraud, and illegal renumeration.[2] On August 11, 2016, Richardson-Brown was sentenced to a term of imprisonment of 80 months.[3] She filed a timely notice of appeal, and the Fifth Circuit affirmed

---

[1]  R. Doc. 344.
[2]  R. Doc. 144-2.
[3]  R. Doc. 178.

the verdicts on October 5, 2017.[4] Richardson-Brown then filed a motion for a new trial under Federal Rule of Criminal Procedure 33,[5] a second motion for a new trial,[6] a motion for appointment of counsel and appointment of an independent mental health expert,[7] and a motion for bond pending disposition of pending motions.[8] Those motions were all denied by Judge Kurt Englehardt on May 21, 2018.[9] Richardson-Brown now moves to file a "more definite statement" in support of these previously-denied motions.[10] She states that she brings these motions pursuant to Federal Rules of Civil Procedure 12 and 15.[11]

## II. DISCUSSION

Richardson-Brown's invocation of Rules 12 and 15 of the Federal Rules of Civil Procedure is improper because those rules do not apply in this instance. *See United States v. McDorman*, 305 F. App'x 187, 189 (5th Cir. 2008) ("The Federal Rules of Civil Procedure do not apply to criminal cases."

---

[4] R. Doc. 247.
[5] R. Doc. 246.
[6] R. Doc. 264.
[7] R. Doc. 265.
[8] R. Doc. 266.
[9] R. Doc. 340; R. Doc. 341.
[10] R. Doc. 344.
[11] *Id.*

(internal quotation omitted)). It is nonetheless clear from Richardson-Brown's motion that she wishes to collaterally attack her conviction and sentence.[12] The proper vehicle for doing so is a motion pursuant to 28 U.S.C. § 2255. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). Pursuant to *Castro v. United States*, 540 U.S. 375 (2003), Richardson-Brown is hereby notified that the Court will recharacterize this motion as a motion under Section 2255. This recharacterization means that any subsequent Section 2255 motion will be subject to the restrictions on "second or successive" motions. 28 U.S.C. § 2255(h). The Court will therefore grant Richardson-Brown leave to either withdraw her motion or amend it so that it contains all of the Section 2255 claims she believes she has. *Castro*, 540 U.S. at 383.

## III. CONCLUSION

For the foregoing reasons, the Court recharacterizes Richardson-Brown's motion as a collateral attack of her conviction and sentence under Section 2255. Richardson-Brown has 120 days from the date of this Order to either withdraw her motion or amend it to include all of the Section 2255 claims she wishes to include. Richardson-Brown's motion to submit

---

[12] *See* R. Doc. 344 at 2 (stating that the documentation attached to the motion provides a reason for the district court to grant her a "new trial").

additional evidence in support of her motion for a more definite statement will be considered in conjunction with her recharacterized motion.

New Orleans, Louisiana, this 2nd day of May, 2019.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE