UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES

VERSUS

TRACY RICHARDSON-BROWN

CRIMINAL ACTION

NO. 13-243

SECTION "R" (3)

## **ORDER AND REASONS**

The Court has received petitioner Tracy Richardson-Brown's motion to amend and submit additional exhibits to her 28 U.S.C. § 2255 petition.[1] Because justice does not require an amendment, the Court denies the motion.

Petitioner submits her motion to amend in the context of a federal habeas corpus proceeding brought under 28 U.S.C. § 2255.[2] Pursuant to the Rules Governing Section 2255 Proceedings, "[t]he Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Rules Governing Section 2255 Proceedings, Rule 12; *see also* Fed. R. Civ. P. 81(a)(1) (stating that, generally,

---

[1]     R. Doc. 367.
[2]     *See* R. Doc. 353 at 3 (recharacterizing an earlier motion by petitioner as a collateral attack of her conviction and sentence under Section 2255).

"[t]hese rules apply to proceedings for habeas corpus"). Courts have specifically applied the Rules of Civil Procedure to the amendment of habeas petitions. *See United States v. Saenz*, 282 F.3d 354, 356 (5th Cir. 2002) (collecting cases); *see also* 28 U.S.C. § 2242 ("Application for a writ of habeas corpus . . . may be amended or supplemented as provided in the rules of procedure applicable to civil actions.").

Rule 15 addresses the amendment of pleadings. And "[i]t is well settled that Rule 15 applies to federal habeas proceedings." *United States v. Gonzalez*, 592 F.3d 675, 679 (5th Cir. 2009). In certain circumstances, Rule 15 allows a party to amend its pleading "once as a matter of course." *See* Fed. R. Civ. P. 15(a)(1). Here, though, petitioner has previously amended her motion. The Court recharacterized an earlier motion from petitioner as a Section 2255 motion,[3] and gave her 120 days to amend it.[4] During that time, petitioner did amend her pleading.[5] She then supplemented it twice with exhibits.[6] And she also subsequently moved to submit affidavits that she indicated were referenced in her motion,[7] which the Court allowed.[8] Because

---

[3] R. Doc. 344.
[4] *See* R. Doc. 353 at 3.
[5] R. Doc. 356.
[6] R. Doc. 359; R. Doc. 360.
[7] *See* R. Doc. 363 at 1.
[8] R. Doc. 364.

petitioner previously amended her petition, she is not permitted to amend it again as a matter of course.

Rather, petitioner "may amend [her] pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The government has not indicated that it consents to the amendment. Petitioner therefore must receive leave of the Court. The Court will "freely give leave when justice so requires." *Id.* But leave to amend "is by no means automatic." *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994). The Court considers multiple factors before granting leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Saenz*, 282 F.3d at 356.

The Court finds that these factors militate against allowing further amendment. First, continuing to receive amendments from petitioner would unduly delay the proceeding. The Court already provided petitioner ample time to amend her motion—120 days—and further delaying the litigation to accommodate yet another filing from petitioner would not serve the interests of justice.

Second, and similarly, petitioner has not presented a reason why she failed in her earlier amendments to cure any deficiencies the current motion seeks to correct. For instance, petitioner attaches to her motion commentary to transcripts.[9] But she does not suggest that the information necessary to inform the arguments based on these transcripts could not have been presented with her earlier amendments. Indeed, the trial transcripts have been in the record for years.[10]

Finally, petitioner's amendment appears futile. Petitioner's requested additions largely consists of allegations that a witness lied,[11] and allegations that petitioner's attorney proved ineffective by failing to impeach this witness and by failing to call various witnesses.[12] But petitioner has presented such arguments previously.[13] Indeed, petitioner attached many of these same

---

[9] *See, e.g.*, R. Doc. 367-1 at 3.

[10] R. Docs. 162-67. Similarly, the Fifth Circuit's opinion following petitioner's appeal also has been publicly available for more than two years. *See* R. Doc. 367-1 at 23; *United States v. Brown*, No 16-30933 (5th Cir. Sept. 13, 2017).

[11] *See, e.g.*, R. Doc. 367 at 1 ("Moss-Falls began her lies . . . .").

[12] *See, e.g.*, *id.* at 1 ("Mr. Jordan failed to impeach . . . ."); *id.* at 2 ("Jordan . . . failed to call witnesses.").

[13] *See, e.g.*, R. Doc. 356 at 19 (stating that a witness lied); *id.* at 17 (stating that counsel "[f]ailed to properly utilize witness [sic] prior inconsitent [sic] statement for impeachment purposes" and "[f]ailed to call key witnesses to the stand").

exhibits—or minor variations thereof—to her earlier filings.[14]  Likewise, the affidavits petitioner attaches all appear to have been presented previously.[15] Consequently, the Court finds that petitioner does not meet the Rule 15 standard for amendment.

The Court also notes that though jurists typically look to Rule 15 when determining whether to allow amendments to a habeas corpus petition, Rule 16 applies to amendments in civil cases when a scheduling order exists.  *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).  Here, the Court instructed petitioner to "amend [her motion] to include all of the Section 2255 claims she wishes to include" within 120 days of the Court's May 2, 2019, order.[16]  And the Court subsequently entered its initial order scheduling the date by which the government had to respond.[17] If Rule 16 were to apply, therefore, "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  This is a

---

[14]     *Compare* R. Doc. 367-1 at 3, *with* R. Doc. 359-1 at 12; R. Doc. 367-1 at 4, *with* R. Doc. 359-1 at 10; R. Doc. 367-1 at 7, *with* R. Doc. 359-1 at 11, *and* R. Doc. 363-1 at 7; R. Doc. 367-1 at 8, *with* R. Doc. 359-1 at 14; R. Doc. 367-1 at 24, *with* R. Doc. 359-1 at 13.

[15]     *Compare* R. Doc. 367-1 at 1, *and id.* at 13, *with* R. Doc. 363-1 at 4; R. Doc. 367-1 at 2, *and id.* at 12, *with* R. Doc. 363-1 at 3; R. Doc. 367-1 at 14, *with* R. Doc. 363-1 at 5; R. Doc. 367-1 at 15, *with* R. Doc. 363-1 at 6; R. Doc. 367-1 at 16, *with* R. Doc. 359-1 at 7, *and* R. Doc. 359-2 at 1, *and* R. Doc. 363-1 at 1.

[16]     R. Doc. 353 at 3.

[17]     R. Doc. 358.  The Court subsequently amended this order.  R. Doc. 368.

stricter standard that that of Rule 15, *see S&W Enters.*, 315 F.3d at 536, which the Court already found petitioner has not met. The Court therefore also finds that petitioner has not shown good cause for further amendment at this time.

For the foregoing reasons, the Court DENIES petitioner's motion to amend her habeas corpus petition.

New Orleans, Louisiana, this __16th__ day of December, 2019.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE