UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                          CRIMINAL ACTION

VERSUS                                                          NO. 13-243

TRACY RICHARDSON BROWN                      SECTION "R" (3)

# ORDER AND REASONS

The Court has received defendant Tracy Richardson Brown's motion "to be released to home confinement . . . due to the corona[]virus [p]andemic."[1] The government opposes the motion.[2]

Brown was charged with "fraudulently bill[ing] Medicare for [equipment] that was not medically necessary and/or not provided."[3] Following a jury trial, defendant was convicted of numerous offenses involving health care fraud.[4] On August 11, 2016, Brown was sentenced to a total term of imprisonment of eighty months,[5] and required to pay over two

---

1   *See* R. Doc. 378 at 1.
2   R. Doc. 382.
3   *See* R. Doc. 1 at 2, 5.
4   *See* R. Doc. 144-2.
5   *See* R. Doc. 178 at 1-2.

million dollars in restitution.[6] She is now imprisoned at FMC Carswell, and her expected release date is October 13, 2022.[7]

Brown does not identify the authority under which she requests release to home confinement.[8] Insofar as Brown asks the Court to designate the place of her confinement, the Court cannot order that relief. Rather, the decision to order home confinement rests solely with the Bureau of Prisons. *See* 18 U.S.C. § 3621(b) (providing that the "Bureau of Prisons shall designate the place of the prisoner's imprisonment" and that "a designation of a place of imprisonment . . . is not reviewable by any court"); *United States v. Voda*, 994 F.2d 149, 151 (5th Cir. 1993) ("[M]any cases have addressed the authority of a judge to specify the place of incarceration[,]" and "[t]hese cases hold that a court may recommend that a sentence . . . be served in a particular prison or jail, but that only the Bureau of Prisons has the actual authority to designate the place of incarceration.").

Similarly, the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, 134 Stat. 281 (2020), provides that "the *Director of the Bureau [of Prisons]* may lengthen the maximum amount of

---

[6] *See id.* at 5.
[7] *See Inmate Locator, Federal Bureau of Prisons*, https://www.bop.gov/inmateloc/ (last visited May 18, 2020).
[8] *See* R. Doc. 382 at 1.

2

time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code." *See id.* § 12003(b)(2) (emphasis added); 18 U.S.C. § 3624(c)(1)-(2) ("The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months . . . under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry," including "home confinement"). Numerous courts have therefore found that a court lacks jurisdiction to order home confinement under the CARES Act. *See, e.g.*, *United States v. Gentry*, No. CR 5:03-50033-05, 2020 WL 2131001, at *5-6 (W.D. La. May 5, 2020) (finding the court lacked jurisdiction to order home confinement and collecting cases with the same finding); *see also United States v. Mabe*, No. 3:15-CR-133, 2020 U.S. Dist. LEXIS 66269, at *1 (E.D. Tenn. Apr. 15, 2020). The Court therefore construes Brown's motion as one for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). *See, e.g.*, *Mabe*, 2020 U.S. Dist. LEXIS 66269, at *1-2.

The Court does not find compassionate release appropriate in these circumstances. First, defendant has not yet exhausted her administrative remedies with the BOP. The Compassionate Release Statute reads:

> The Court may not modify a term of imprisonment once it has been imposed except . . . upon motion of

3

> the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the Warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c); *see also United States v. Fisher*, No. 118CR00118MRWCM1, 2020 WL 2411796, at *2 (W.D.N.C. May 12, 2020) (collecting cases standing for the proposition that many "courts . . . continue[] to require the full exhaustion of administrative remedies before considering motions for compassionate release related to the COVID-19 pandemic"); *United States v. James*, No. 13-85, slip op. at 12 (Apr. 16, 2020) (stating that "the overwhelming majority of courts" have found "[t]he exhaustion requirements under Section 3582(c)(1)(A) . . . mandatory during the COVID-19 pandemic").

    Defendant's motion does not make clear whether she has made such a request to the warden of FMC Carswell, but the government represents that "[a]ccording to the BOP, the defendant has not made a request to the warden . . . for compassionate release."[9]  Regardless of whether this failure would require the Court to reject Brown's motion as a matter of course—on either jurisdiction or claim-processing grounds—the BOP's lack of

---

9    *See* R. Doc. 382 at 3.

4

opportunity to address defendant's request is significant to the Court's decision.

Moreover, defendant has not made a showing that the BOP is unable to address her situation adequately. The BOP not only is aware of COVID-19, but also is taking its own measures to address the disease's impact.[10] And the Attorney General has generally instructed the BOP to prioritize granting home confinement on account of COVID-19,[11] and specifically expanded home release in facilities affected by COVID-19.[12] Indeed, the government represents here that "[t]he BOP advises that the defendant has been

---

[10] *See, e.g.*, Federal Bureau of Prisons, *Update on COVID-19 and Home Confinement* (Apr. 5, 2020) (stating that "[i]n response to COVID-19, the Bureau of Prisons (BOP) has instituted a comprehensive management approach that includes screening, testing, appropriate treatment, prevention, education, and infection control measures"), https://www.bop.gov/resources/news/20200405_covid19_home_ confinement.jsp; *see also, e.g.*, Federal Bureau of Prisons, *BOP Implementing Modified Operations*, https://www.bop.gov/coronavirus/ covid19_status.jsp (last visited May 18, 2020).

[11] Attorney General, *Prioritization of Home Confinement As Appropriate in Response to COVID-19 Pandemic*, https://www.bop.gov/resources/news/pdfs/20200405_covid-19_home_ confinement.pdf (last visited May 18, 2020).

[12] Attorney General, *Increasing Use of Home Confinement at Institutions Most Affected by COVID-19*, https://www.justice.gov/file/1266661/download (last visited May 18, 2020).

5

determined to be a likely candidate for home confinement."[13]  Judicial intervention at this stage would be premature.

And even if not, Brown has not shown that she satisfies the other requirements for compassionate release.  For instance, a reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The application notes to the relevant policy statement identify three discrete "extraordinary and compelling reasons" that could warrant a reduction:  a "terminal illness" or a condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (b) "[a]ge"—starting at age 65; and (c) "[f]amily [c]ircumstances."  *See* U.S.S.G. § 1B1.13, application note 1 (emphasis removed).  The Guidelines also identify a category of "[o]ther [r]easons," but state that such reasons are "[a]s determined by the Director of the Bureau of Prisons."  *See id.* § 1B1.13, application note 1(D) (emphasis removed).

Defendant is fifty years old,[14] and does not point to any medical or family circumstances that would justify compassionate release.  Rather, she

---

[13]    *See* R. Doc. 382 at 5.
[14]    *See* R. Doc. 378 at 1.

6

argues for release on account of her allegedly increased risk of contracting COVID-19 based on her age, race, and gender.[15] Even if these individual characteristics were to make her more likely to contract COVID-19, these factors do not correspond to the types of extraordinary reasons this Court must consider before granting compassionate release. *See, e.g., United States v. Clark*, No. CR 17-85-SDD-RLB, 2020 WL 1557397, at *4 (M.D. La. Apr. 1, 2020) ("Defendant cites no authority for the proposition that the *fear* of contracting a communicable disease warrants a sentence modification."). Likewise, defendant's proposed released plan[16]—even if well-conceived—does not drive this Court's compassionate-release analysis.

For the foregoing reasons, the Court DENIES defendant's motion.

New Orleans, Louisiana, this __19th__ day of May, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[15] *See id.*
[16] *See* R. Doc. 378 at 1-2.

7