UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                     CRIMINAL ACTION

VERSUS                                                                       NO. 13-243

TRACY RICHARDSON BROWN                                       SECTION "R"

# ORDER AND REASONS

Before the Court is Tracy Richardson Brown's *pro se* motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255.[1] The Government opposes the motion.[2] Also before the Court is Brown's motion for the appointment of counsel to assist in these proceedings.[3] Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons, the Court denies Brown's Section 2255 motion and her motion to appoint counsel. The Court also denies a certificate of appealability.

---

[1]  *See* R. Doc. 344; R. Doc. 356.
[2]  *See* R. Doc. 346; R. Doc. 373.
[3]  *See* R. Doc. 355.

I.   BACKGROUND

This collateral proceeding arises from Tracy Richardson Brown's health care fraud convictions. On April 30, 2016, a unanimous jury found Brown guilty of nine counts of health care fraud under 18 U.S.C. § 1347, seven counts of illegal remuneration under 42 U.S.C. § 1320a-7b, one count of conspiracy to commit health care fraud under 18 U.S.C. § 1349, and one count of conspiracy to pay remuneration under 18 U.S.C. § 371.[4]

At trial, the Government presented the testimony of sixteen witnesses and introduced over one hundred exhibits into evidence. *See United States v. Brown*, No. 13-243, 2016 WL 3634127, at *1 (E.D. La. July 7, 2016). The evidence showed that Brown was the co-owner of a medical equipment company, Psalms 23. Through Psalms 23, Brown submitted claims to Medicare for durable medical equipment (DME) that was neither needed by nor provided to patients. *Id.* Having sole control over Psalms 23's bank account, Brown paid kickbacks to physicians who prescribed medically unnecessary DME. *Id.* Brown also paid illegal commissions to "marketers" tasked with recruiting Medicare beneficiaries. *See United States v. Brown*, 871 F.3d 352, 354 (5th Cir. 2017). Psalms 23 billed Medicare for expensive DME but ultimately provided cheaper products to patients. *Id.* at 355.

---

[4]   *See* R. Doc. 144-2.

Following the jury's verdict, Judge Stanwood R. Duval, Jr., sentenced Brown to a term of eighty months' imprisonment, to be followed by three years' supervised release.[5] On direct appeal, the Fifth Circuit affirmed all of Brown's convictions. *See Brown*, 871 F.3d at 358.

On the same day the Fifth Circuit handed down its opinion, Brown moved for a new trial pursuant to Federal Rule of Criminal Procedure 33.[6] Brown argued she had "new evidence" and that she received "ineffective assistance of counsel during the trial."[7] District Judge Kurt Engelhardt, to whom this case was transferred,[8] denied all of Brown's claims in a two-page order on May 21, 2018.[9]

The case was transferred to this Court on June 1, 2018,[10] where Brown began to collaterally attack her conviction. On June 12, 2018, Brown filed a motion asking the Court for a "more definite statement,"[11] which the Court recharacterized as a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255.[12] After recharacterizing Brown's motion, this

---

| | |
|---|---|
| 5 | *See* R. Doc. 178. |
| 6 | *See* R. Doc. 246; R. Doc. 264; R. Doc. 265. |
| 7 | *See* R. Doc. 246 at 1. |
| 8 | *See* R. Doc. 233. |
| 9 | *See* R. Doc. 340. |
| 10 | *See* R. Doc. 343. |
| 11 | R. Doc. 344. |
| 12 | *See* R. Doc. 353. |

Court informed Brown that she had 120 days either to withdraw her motion or amend it with all of the Section 2255 claims she wished to include, as required by *Castro v. United States*, 540 U.S. 375 (2003).[13] Brown amended her Section 2255 petition and now alleges she is entitled to relief due to "prosecutorial misconduct," "ineffective assistance of counsel," and "new evidence."[14]

## II.  LEGAL STANDARD

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).  Only a narrow set of claims are cognizable on a Section 2255 motion:  (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack."  *Id*.  A claim of error that is neither constitutional nor jurisdictional is not cognizable in a Section 2255 proceeding unless the error constitutes "'a fundamental defect

---

[13]    *See id*. at 3.
[14]    See R. Doc. 356 at 6, 7, 9.

4

which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

The defendant bears the burden of establishing her claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). If the Court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence [her] or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

## III.   DISCUSSION

### A.   Prosecutorial Misconduct

Brown first argues that she is entitled to relief on a theory of prosecutorial misconduct.[15] Specifically, Brown alleges that the Government (1) learned that one of its witnesses, Melissa Moss-Falls, committed perjury but failed to inform the Court and defense counsel, (2) failed to allow defense witness Attorney Craig Sossman to testify, and (3) did not call a witness,

---

[15]   *See id.* at 6.

Patrice Williams, to the stand "because they could not get her to lie."[16]  None of these allegations provides a basis for relief.

At a minimum, Brown procedurally defaulted her prosecutorial misconduct claim because she did not argue it on appeal.[17]  "[A] collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982) (collecting cases).  As such, "[a] Section 2255 movant who fails to raise a constitutional or jurisdictional issue on direct appeal waives the issue for a collateral attack on [her] conviction, unless there is cause for the default and prejudice as a result." *United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000).  Aside from ineffective assistance of counsel, a defendant in procedural default must show both "cause" for her default and "prejudice attributable thereto." *Murray v. Carrier,* 477 U.S. 478, 485 (1986).  Alternatively, Brown must show that the federal court's failure to review the defaulted claim will result in a fundamental miscarriage

---

[16]   *See id.* at 22.
[17]   On appeal, Brown argued that (1) there was insufficient evidence to sustain her conviction, (2) the jury was improperly given a deliberate ignorance instruction, (3) one of the prosecution's expert witnesses, Jonathon Bergey, was not qualified to testify as an expert, and (4) the Court improperly enhanced her sentence for her role as a "an organizer or leader of a criminal activity that involved five or more participants" pursuant to U.S.S.G. § 3B1.1(a). *See* R. Doc. 356 at 2-3.

of justice because she is "actually innocent."  *See United States v. Rouser*, 20 F.3d 1171 (5th Cir. 1994)

Even construing Brown's *pro se* petition liberally, *Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) (per curiam), Brown does not come close to showing cause and prejudice with respect to her procedural default or that she is actually innocent.  Consequently, the Court finds that Brown cannot obtain relief on her prosecutorial misconduct claim.

### B. Ineffective Assistance of Counsel

Next, Brown advances several claims alleging her attorney provided ineffective assistance of counsel.[18]  Brown enumerates a total of sixteen grounds here, but many of her claims are duplicative.  The Court addresses them in three categories.  First, Brown argues her counsel failed to call, subpoena, investigate, and prepare defense witnesses for trial.  Second, Brown argues that her lawyer provided ineffective assistance on appeal.  And third, Brown makes a number of claims that are diverse in subject matter, but the Court considers together, because they fail for the same reason—the allegations are conclusory and unsupported by the record. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983) ("Absent evidence in the record, a

---

[18]   *See* R. Doc. 356 at 17-18, 23.

court cannot consider a habeas petitioner's bald assertions on a critical issue . . . unsupported and unsupportable by anything else contained in the record.").

To establish a claim of constitutionally ineffective assistance of counsel, a defendant must show both (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance, the likely outcome of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687-96 (1984). The petitioner must satisfy both parts of the *Strickland* test; if the Court finds that the petitioner has made an insufficient showing as to either part, the Court may dispose of the claim without addressing the other. *See id.* at 697.

As to the first part of the *Strickland* test, counsel's performance must be compared to "an objective standard of reasonableness, mindful of the strong presumption of adequacy." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997). The Court should not find inadequate representation merely because, with the benefit of hindsight, the Court disagrees with counsel's strategic choices. *Id.* As to the second part of the test, the defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

8

different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

        1.    *Failure to Call, Subpoena, Investigate, and Prepare Witnesses*

Brown first argues that her lawyer failed to call seven key witnesses for trial.[19] To prevail on this ground, Brown must show that (1) counsel's failure to call the witnesses fell below an objective standard of reasonableness and (2) there is "a 'reasonable probability' that the uncalled witnesses would have made [a] difference to the result." *Bray v. Quarterman*, 265 F. App'x 296, 298 (5th Cir. 2008) (quoting *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985)).  In addition, Brown must "name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009).

At a minimum, Brown does not demonstrate a reasonable probability that "the uncalled witnesses would have made [a] difference to the result." *Bray*, 265 F. App'x at 298.  Brown provides information about the substance of the testimony of only four of the seven witnesses she proposes—Lenora

---

19    *See id.* at 17.

Jones-Stockman, Patrice Williams, McNelton Cooper, and Zeketta Denet. According to Brown, each of these witnesses would undermine portions of the testimony of *a single* Government witness, Melissa Moss-Falls. This fails to meet the *Strickland* standard for two reasons.

First, the proposed testimony leaves the heart of Moss-Falls's testimony unchallenged. At trial, Moss-Falls testified that Brown hired her as a consultant to review Psalms 23's Medicare billing practices. From reviewing Psalms 23's records, physical inventory, and from speaking with Psalms 23 employees, Moss-Falls uncovered indicia of Medicare fraud. Moss-Falls testified that she alerted Brown to these red flags. *See Brown*, 871 F.3d at 355. None of Brown's proposed witnesses disputes that Moss-Falls was on-site, that she had an opportunity to discover indicia of fraud, or that she notified Brown of her findings.

Second, even if the uncalled witnesses undermined the entirety of Moss-Falls's testimony, which they do not, Brown still would not raise doubt in the trial's outcome as *Strickland* requires. A host of other evidence supported the jury's finding that Brown was aware of, and responsible for, fraudulent activity at Psalms 23. Fifteen other Government witnesses testified, including physicians and marketers who participated in the fraudulent scheme. *See United States v. Brown*, 2016 WL 3634127, at *1

(E.D. La. July 7, 2016). The evidence showed that Brown had sole control over Psalms 23's bank accounts, signed kickback and commission checks to physicians and marketers, and signed Psalms 23's Medicare enrollment application, which stipulates that it is illegal to pay kickbacks for patient referrals. *See id.*

The evidence also showed that Brown attempted to conceal the fraud. For example, Brown discussed kickback payments privately in a back office at Psalms 23 and told recipients of those payments to keep those discussions private.[20] Dr. Kirkpatrick, a physician involved in the fraud, had Brown send her kickback payments to her mother because Dr. Kirkpatrick was concerned about the impropriety of receiving the payments. *Id.* at *2. None of Brown's uncalled witnesses contest any of this evidence.

And then there are the three uncalled witnesses for whom Brown does not provide any insight into the substance of their proposed testimony—Lisa Mondello, Shonitra Vaughn, and Greg Sossman. With respect to these witnesses, Brown fails to "set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Day*, 566 F.3d at 538. Consequently, Brown does not

---

[20] *See* R. Doc. 163 at 244.

succeed on her claim that her lawyer provided ineffective assistance in declining to call these witnesses.

### 2. *Appellate Strategy*

Brown also asserts a claim of ineffective assistance of appellate counsel. To succeed here, Brown must satisfy the same *Strickland* test: she must demonstrate that (1) appellate "counsel's representation fell below an objective standard of reasonableness and (2) but for [her] counsel's deficient performance, there is a reasonable probability that the outcome of the proceeding would have been different." *Blanton v. Quarterman*, 543 F.3d 230, 235 (5th Cir. 2008).

Again, Brown, at a minimum, does not satisfy the second part of the *Strickland* test. Her claim consists of a single conclusory allegation that her appellate counsel "[f]ailed to raise [the] [Moss-Falls] perjury issue on appeal even after being instructed to raise the issue by the defendant."[21] As the Government puts it, this argument is a "nonstarter."[22] To succeed on this ground, Brown must show both that the Government "knowingly presented materially false evidence to the jury" and that her lawyer committed ineffective assistance in failing to raise the issue. *United States v. Martinez-*

---

[21]   R. Doc. 356 at 18.
[22]   R. Doc. 373 at 21.

*Mercado*, 888 F.2d 1484, 1492 (5th Cir. 1989). Nothing in the record indicates that Moss-Falls perjured herself, let alone that the Government intentionally presented her false testimony. Brown's ineffective assistance of appellate counsel claim therefore fails.

       3.    *Brown's Conclusory Claims*

The rest of Brown's claims are conclusory and unsupported by the record. "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in [her] *pro se* petition . . . . We are thus bound to re-emphasize that mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983). These claims include (1) Brown's argument that her attorney failed to move to suppress evidence,[23] (2) her argument that her attorney failed to investigate or interview the prosecutor's witnesses,[24] (3) her claims that her lawyer failed to object to prejudicial testimony and failed to effectively cross-examine Government witnesses,[25] (4) Brown's allegation that her lawyer did not allow her to attend a post-sentencing hearing,[26] (5) Brown's argument that her attorney failed to inform her

---

[23]    *See* R. Doc. 356 at 17.
[24]    *See id.*
[25]    *See id.* at 17-18.
[26]    *See id.* at 18.

constitutional right to waive jury trial,[27] (6) Brown's argument that her attorney failed to advise her to enter into a plea deal,[28] and (7) her allegation that her attorney failed to present a good faith defense.[29] In addition to their conclusory nature, which is enough for the Court to dispense with them, *Ross*, 694 F.2d at 1011-12, Brown also fails to show how any of these arguments would raise doubt in the trial's outcome as required by *Strickland*—an outcome that a unanimous jury reached after considering the overwhelming evidence against Brown.

### C. New Evidence

In support of her claim that "new evidence" exists justifying relief. Brown cites to "Exhibit D," which is a thirty-seven-page filing containing the same allegations and evidence the Court considers above.[30] For the reasons stated above, the Court denies relief on this ground as well.

---

[27] *See id.* at 18. In support of this argument, Brown submits "Exhibit A-10." Exhibit A-10 discusses a separate forfeiture proceeding. *See id.* at 21.

[28] *See id.* at 18. To show she was prejudiced within the meaning of *Strickland* on this claim, Brown "must do more than speculate about potential benefits that [she] was denied; [she] must provide concrete evidence that a favorable plea offer would have been available to [her]." *United States v. Ramos-Marrufo*, No. 11-112, 2012 WL 5059087, at *5 (E.D. La. Oct. 18, 2012). Brown does not do so.

[29] *See id.*

[30] *See* R. Doc. 359-1.

### D. Appointment of Counsel

Unlike defendants in criminal proceedings and prisoners directly appealing judgments in criminal cases as a matter of right, prisoners mounting collateral attacks on their convictions do not have a right to counsel under the Sixth Amendment. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). But the Court has discretion to appoint counsel to a "financially eligible person" seeking relief under 28 U.S.C. § 2255 when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2).

Brown has not demonstrated that her Section 2255 motion warrants the appointment of counsel. None of the arguments Brown raises shows that her collateral attack has merit; and nothing in the record causes the Court to doubt the jury's verdict. The interests of justice do not require the appointment of counsel in this case.

### E. Evidentiary Hearing

The Court further finds that an evidentiary hearing is not required here. After reviewing the petition, the Government's answer, the transcripts and records of prior proceedings, and supplementary materials submitted by the parties, the Court must determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8. No evidentiary hearing is required if the prisoner fails to produce any

"independent indicia of the likely merit of [her] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006). Brown has failed to produce indicia showing merit for any of her allegations, rendering an evidentiary hearing unnecessary.

### F. Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing Section 2255 Proceedings, Rule 11(a). The Court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rules Governing Section 2255 Proceedings, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983).

For the reasons set forth in this Order, Brown has not made a substantial showing of the denial of a constitutional right.

## III.  CONCLUSION

For the foregoing reasons, Brown's motion to motion to vacate, set aside, or correct her sentence is DENIED, Brown's motion to appoint counsel is also DENIED, and the Court will not issue a certificate of appealability.

New Orleans, Louisiana, this __28th__ day of August, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE