UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 13-243 |
| TRACY RICHARDSON BROWN | SECTION "R" |

**ORDER AND REASONS**

Before the Court is defendant Tracy Richardson Brown's motion for early termination of supervised release.[1] The Government does not oppose the motion.[2] For the following reasons, the Court grants the motion.

## I.  BACKGROUND

On April 30, 2016, a unanimous jury found Brown guilty of one count of conspiracy to commit health care fraud under 18 U.S.C. § 1349 (Count 1); one count of conspiracy to pay remuneration under 18 U.S.C. § 371 (Count 2); nine counts of health care fraud under 18 U.S.C. § 1347 (Counts 3-11); and seven counts of illegal remuneration under 42 U.S.C. § 1320a-7b (Counts 12-18).[3]

---

[1]  R. Doc. 392.
[2]  *Id.* ¶ 4; R. Doc. 392-1 at 1.
[3]  R. Doc. 178; *see also* R. Doc. 1 (Indictment).

On August 11, 2016, Judge Stanwood Duval, Jr., sentenced Brown to a term of imprisonment of 80 months as to each of Count 1 and Counts 3-11, and 60 months as to each of Count 2 and Counts 12-18, all terms to run concurrently.[4] The Court sentenced Brown to a term of supervised release of 3 years, as to each count, to run concurrently.[5] On direct appeal, the Fifth Circuit affirmed all of Brown's convictions. *See United States v. Brown*, 871 F.3d 352, 358 (5th Cir. 2017).

Brown was released from the custody of the Bureau of Prisons to home confinement on July 24, 2020, and, after serving the 80-month term of imprisonment, including home confinement, Brown's 36-month term of supervised release commenced on January 18, 2022.[6] Brown's term of supervised release is due to terminate on January 1, 2025.[7] Brown now moves for early termination of supervised release.[8] Attached to her motion, Brown submits an email from the Government stating that it does not oppose early termination of Brown's supervised release.[9] Brown also submits a

---

[4] R. Doc. 178 at 2.
[5] *Id.* at 3.
[6] R. Doc. 392-1 at 2.
[7] *Id.*
[8] R. Doc. 392. On April 12, 2022, the Court granted Brown's co-defendant's motion for early termination of supervised release. R. Doc. 391.
[9] R. Doc. 392-1 at 1.

letter from her probation officer to the Arizona Board of Fingerprinting, dated November 30, 2023, stating that Brown was compliant with all conditions of pretrial supervision and of supervised release, that Brown "has been proactive in the re-integration process," and that she has "no pending criminal charges or warrants against her."[10]

The Court considers the motion below.

## II.   LEGAL STANDARD

Under 18 U.S.C. § 3583(e)(1), the Court may "terminate a term of supervised release and discharge the defendant . . . any time after the expiration of one year of supervised release" after considering enumerated factors set out in 18 U.S.C. § 3553(a).  Among the factors the Court must weigh are the nature of the offense, the history and characteristics of the defendant, the need for the sentence to deter criminal activity, the need to protect the public, the need to provide the defendant with educational or vocational training, the kinds of sentences and sentencing ranges available, and the need to avoid unwarranted sentencing disparities among similarly situated defendants.  18 U.S.C. § 3553(a).  The Court may grant early termination "if it is satisfied that such action is warranted by the conduct of

---

[10]   *Id.* at 2.

3

the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1). The Court has broad discretion in determining whether to terminate supervised release.  *See United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998).

### III.  DISCUSSION

As an initial matter, Brown has served over two years of her three-year sentence, during which she has adhered to all of the terms of supervised release.  Although compliance with the terms of supervised release is what is expected and required of a person under supervision and, without more, is not enough to merit early termination, the Court is satisfied that Brown's fully compliant conduct since her release from incarceration in 2020, coupled with the interest of justice and the § 3553(a) factors, weigh in favor of terminating Brown's supervised release.  *See United States v. Taylor*, 729 F. App'x 474, 475 (7th Cir. 2018) ("[M]ere compliance with the terms of supervised release is expected, and without more, insufficient to justify early termination."); *United States v. Seymore*, No. 07-358, 2023 WL 3976200, at *1 (E.D. La. June 13, 2023) ("[C]ourts have generally held that something more than compliance with the terms of supervised release is required to justify an early termination." (quoting *United States v. Smith*, No. 10-cr-53,

2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014) (internal quotation marks omitted)) (cleaned up)).

Specifically, the nonviolent nature of the offenses and Brown's lack of criminal history except for the instant offense weighs in favor of early termination.[11] *See* 18 U.S.C. § 3553(a)(1). Furthermore, Brown was gainfully employed for the majority of her adult life,[12] and in June 2023, she obtained a bachelor's degree in occupational safety and health and construction safety from Columbia Southern University.[13] This educational accomplishment testifies to Brown's successful adjustment into society following incarceration, and reflects positively on her future productivity and engagement in prosocial behaviors. Moreover, early termination in this case would not sacrifice public safety. Brown's probation officer, who has the most information about Brown's post-incarceration behavior and potential public safety risk, supports the request for early termination.[14] *See United States v. Andrews*, No. 3:15-CR-2, 2022 WL 21295450, at *2-3 (S.D. Miss. Feb. 11, 2022) (holding that probation's decision not to oppose the motion for early termination "demonstrate[d] that the public safety factor outlined

---

[11]   R. Doc. 168.
[12]   *Id.* ¶¶ 93-103.
[13]   R. Doc. 392-1 at 3.
[14]   *Id.* at 2.

5

in 18 U.S.C. § 3553(a)(2)(C) weigh[ed] in favor of early termination"). The Court also finds that the sentenced served as of the date of this Order effectuates justice and adequately deters future criminal conduct by Brown.

Accordingly, considering the relevant § 3553(a) factors, the Court finds that terminating defendant's supervised release is warranted by her conduct and serves the interest of justice. 18 U.S.C. § 3583(e)(1). The Court grants Brown's motion.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Brown's motion for early termination of supervised release. This Order does not terminate or otherwise alter Brown's obligation to pay restitution in accordance with the terms of the judgment dated August 11, 2016.[15]

New Orleans, Louisiana, this __26th__ day of March, 2024.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[15] R. Doc. 178 at 5-6.